IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARTINEZ,

    Petitioner,               No. 2:08-cv-1786 GEB JFM (HC)

   vs.

D. K. SISTO, et al.,

    Respondents.          <u>FINDINGS AND RECOMMENDATIONS</u>

                           /

         Petitioner is a state prisoner proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2006 decision by the Governor of California to deny him parole. This matter is before the court on respondent's motion to dismiss. Respondent contends that petitioner's claims are barred by the statute of limitations and unexhausted and, therefore, that the petition must be dismissed.

I. <u>Statute of Limitations</u>

         Section 2244(d) of Title 28 of the United States Court contains a statute of limitations for filing a habeas petition in federal court:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

/////

1

1        (A) the date on which the judgment became final by the conclusion
        of direct review or the expiration of the time for seeking such
2        review;

3        (B) the date on which the impediment to filing an application
        created by State action in violation of the Constitution or laws of
4        the United States is removed, if the applicant was prevented from
        filing by such State action;

5

6        (C) the date on which the constitutional right asserted was initially
        recognized by the Supreme Court, if the right has been newly
        recognized by the Supreme Court and made retroactively
7        applicable to cases on collateral review; or

8        (D) the date on which the factual predicate of the claim or claims
        presented could have been discovered through the exercise of due
9        diligence.

10      (2) The time during which a properly filed application for State
       post- conviction or other collateral review with respect to the
11      pertinent judgment or claim is pending shall not be counted toward
       any period of limitation under this subsection.

12

13 28 U.S.C. § 2244.  Where, as here, the petitioner challenges an administrative decision to deny

14 parole, the limitation period is governed by the provisions of 28 U.S.C. § 2244(d)(1)(D).  See

15 Redd v. McGrath, 343 F.3d 1077 (9th Cir. 2003).  The following facts are relevant to the statute

16 of limitations analysis.

17       1.  On June 30, 2006, petitioner received notice of the Governor's decision to

18 deny him parole.

19       2.  On June 6, 2007, petitioner signed and dated a petition for writ of habeas

20 corpus directed to the California Superior Court in Riverside County.  The petition was file

21 stamped in that court on June 11, 2007.  It was denied on July 7, 2007.

22       3.  On July 16, 2007, petitioner signed and dated a motion for reconsideration by

23 the Riverside County Superior Court.  The motion was denied on August 27, 2007.  The copy of

24 the order served on petitioner was returned to the superior court undelivered because the address

25 did not include petitioner's CDC number or housing number.  Petitioner did not receive a copy of

26 the order denying the motion for reconsideration.

4.  On October 4, 2007, petitioner filed a petition for writ of mandate in the California Court of Appeal.  By order filed October 17, 2007, that court construed the petition for writ of mandate as a petition for writ of habeas corpus and denied the petition.  Petitioner received a copy of that order on October 23, 2007.

5.  On December 18, 2007, petitioner signed and dated a habeas corpus petition to be filed in the California Supreme Court.[1]  The petition was file stamped in that court on December 24, 2007.  It was denied by order filed June 25, 2008.  Petitioner did not receive the order until July 24, 2008.

6.  On July 30, 2008, petitioner signed and dated the petition filed in the instant action.

The statute of limitations started to run on petitioner's federal habeas corpus claims on July 1, 2006.  Three hundred forty-two days of the limitation period expired before petitioner filed his first state court challenge to the Governor's decision on June 6, 2007.[2]  At that point, twenty-three days remained in the limitation period.  Respondents agree that petitioner is entitled to statutory tolling during the pendency of his state superior court petition, and from the time petitioner filed his petition for writ mandate in the state court of appeal until July 24, 2008, when he received the state supreme court denial of the petition filed in that court.  See Motion to Dismiss, filed October 10, 2008, at 5.  Respondents contend, however, that petitioner is not entitled to statutory tolling between July 7, 2007, when the state superior court denied his petition for writ of habeas corpus, and October 4, 2007, when petitioner filed his state appellate court petition.  Specifically, relying on Carey v. Saffold, 536 U.S. 214 (2002) and Evans v. Chavis, 546

---

[1] Petitioner filed other documents in the state supreme court prior to this date.  Since respondents do not contend that petitioner delayed unreasonably in proceeeding to the California Supreme Court, the court will not recite that additional history.

[2] Petitioner has presented evidence, not contradicted by respondents, that the dates on which he signed and dated each of the petitions is the date on which the documents were delivered to prison officials for mailing to the respective courts.  Accordingly, the court treats those dates as the filing dates for each petition.  See Houston v. Lack, 487 U.S. 266 (1988).

U.S. 189 (2006) and several district court decisions interpreting Evans, respondents contend that the eighty-nine day delay between the denial of the superior court petition and the filing of the state court of appeal petition is "unreasonable."

> Under 28 U.S.C. § 2244(d)(1), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). However, § 2244(d)(2) provides an exception to such requirement for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."
>
> The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." Chavis, 546 U.S. at 191, 126 S.Ct. 846 (citing Saffold, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260) (emphasis omitted). Thus, the interval between the final adjudication of a state habeas petition and the timely filing of a notice of appeal is tolled in calculating whether a federal habeas petition is timely. See Saffold, 536 U.S. at 219-21, 122 S.Ct. 2134.
>
> "In most States a statute sets out the number of days for filing a timely notice of appeal," but California "has a special system governing appeals when prisoners seek relief on collateral review," under which a petitioner may file either a "petition for rehearing" or a separate state habeas petition, the latter of which must be filed within a "reasonable time." Id. (citing In re Harris, 5 Cal.4th 813, 828, n. 7, 21 Cal.Rptr.2d 373, 855 P.2d 391 (1993)); see In re Crockett, 159 Cal.App.4th 751, 757, 71 Cal.Rptr.3d 632 (Cal.Ct.App.2008) ("A petitioner seeking relief on habeas corpus need only file a petition without substantial delay, or if delayed, adequately explain the delay.").

Chaffer v. Prosper, 542 F.3d 662, 665-666 (9th Cir. 2008).[3] In Chavis, the United States Supreme Court noted that

> [s]ix months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state

---

[3] In Chaffer, the United States Court of Appeals certified to the California Supreme Court two questions concerning a habeas petitioner's delay in proceeding between levels of the state court system. Id. at 663.

4

> supreme court. <u>Saffold</u>, <u>supra</u>, at 219, 122 S.Ct. 2134. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court, see Cal.App.Ct. Rule 28(e)(1) (2004). We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in <u>Saffold</u>. See 536 U.S., at 222-223, 122 S.Ct. 2134.

<u>Chavis</u>, 549 U.S. at 201.

In the instant case, petitioner's delay in proceeding from the state superior court to the state court of appeal was eighty-nine days – less than three months. Moreover, during that period petitioner sought reconsideration from the superior court. Petitioner never received a copy of the superior court's order denying his motion for reconsideration, and, indeed, petitioner decided to proceed to the state court of appeal after a period of time passed without receipt of such ruling. Under the circumstances of this case, this court finds no reason to believe that the California courts would find unreasonable petitioner's delay in proceeding to the state court of appeal. Petitioner is entitled to statutory tolling of the limitation period from June 6, 2007 until July 24, 2007. The instant petition was filed six days later, with seventeen days remaining in the limitation period. Respondents' motion to dismiss this action as barred by the statute of limitations should be denied.

II. <u>Exhaustion</u>

Respondents' second contention is that petitioner's claims are unexhausted. Respondents rest this contention on the fact that the California Supreme Court denied the petition filed in that court with a citation to <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995). Respondents contend that <u>Duvall</u> requires that a habeas petitioner must include with a petition all "reasonably available documentary evidence," and that the citation to <u>Duvall</u> means that petitioner failed to do so and his petition is therefore unexhausted.

/////

5

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[4] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986). A petitioner satisfies the fair presentation requirement by alleging claims "with as much particularity as is practicable." Kim v. Villalobos, 799 F.2d 1317, 1320 (9th Cir. 1986).

The court has reviewed the petition for writ of habeas corpus filed in the California Supreme Court, a copy of which is appended as Exhibit 5 to Respondents' motion to dismiss. After reviewing said petition for habeas corpus, the court finds that petitioner fairly presented his federal claims to the California Supreme Court and has satisfied the exhaustion requirement. Respondents' motion to dismiss the petition as unexhausted should also be denied.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Respondents' October 10, 2008 motion to dismiss be denied;

2. Respondents be directed to answer the petition within thirty days from the date of any order adopting these findings and recommendations and shall include with the answer any and all transcripts or other documents relevant to the determination of the issues presented in the application that are not already part of the record; and

3. Petitioner's traverse, if any, be due on or before thirty days from the date respondents' answer is filed.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

---

[4] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

6

ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 27, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
mart1786.mtd