IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY MARTINEZ,

    Petitioner,               No. 2:08-cv-1786-GEB-JFM (HC)

    vs.

D. K. SISTO, Warden, et al.,

    Respondents.          FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a former state prisoner on parole proceeding through counsel with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a 2006 decision of the Governor of California to reverse a decision of the California Board of Parole Hearings (Board) granting petitioner parole, and he seeks release on parole. See Traverse, filed October 15, 2009, at 34. Petitioner was released on parole on January 11, 2010. See Petitioner's Status Report, filed February 11, 2010 at 2. Petitioner contends that his release on parole does not moot this action because the court "can still fashion a remedy for [petitioner], despite his release from prison, by issuing an order directing the CDCR to credit time [petitioner] served in prison in violation of his constitutional rights towards his determinate period of parole supervision." Petitioner's Status Report, filed February 11, 2010, at 4 (citing McQuillion v. Duncan, 342 F.3d 1012, 1015 (9th Cir. 2003) (hereafter McQuillion II).

1

1          The following facts relevant to the matters at bar are set forth in the petition for
2  writ of habeas corpus filed August 1, 2008 and petitioner's February 11, 2010 status report.
3  Petitioner was sentenced to twenty-five years to life in prison in 1980 following his conviction
4  for first degree murder.  Petitioner became eligible for parole in January 1999.  On October 29,
5  2003, the Board grated petitioner parole and set his total term of confinement at twenty-nine
6  years, which was reduced to twenty-three years by the application of post-conviction conduct
7  credits.  On March 26, 2004, the Board's decision was reversed by the Governor.  On January 31,
8  2006, the Board again granted petitioner parole, and on June 30, 2006, the Governor again
9  reversed the Board.  It is the latter decision that is the subject of the petition at bar.

10          On December 21, 2007, the Governor reversed a third decision of the Board to
11 grant petitioner parole.  On November 11, 2009, the California Court of Appeals for the Fourth
12 Appellate District granted petitioner habeas relief and ordered the Governor's decision vacated
13 and the Board's grant of parole reinstated.  In the same time frame, on August 4, 2009, the Board
14 granted petitioner parole for the fourth time and set petitioner's total confinement at 272 months.
15 The Governor declined to review that decision, and petitioner was released on parole on January
16 11, 2010.

17          As noted above, relying on McQuillion II, petitioner contends that this court can
18 still fashion a remedy for petitioner in this case, notwithstanding his release on parole.  In
19 McQuillion II, the United States Court of Appeals for the Ninth Circuit ordered the "immediate
20 release", without a parole term, of a habeas corpus petitioner who had challenged the rescission
21 of a parole date.  McQuillion II was decided in 2003.  In that case, the petitioner had been found
22 suitable for parole in 1979 and his parole date had been set for October 7, 1998.  McQuillion II,
23 at 1013-14.  That date had been advanced at each of six subsequent parole hearings until the
24 hearing in 1994, when the Board "refused to advance McQuillion's parole date, even though
25 there was no question about his continuing good behavior."  Id. at 1014.  "Instead, the panel
26 referred the case to the full Board, which voted to hold a rescission hearing."  Id.  In September

1994, a panel rescinded McQuillion's parole date. Id. In federal habeas corpus proceedings, McQuillion "petitioned for his immediate release," id. at 1015, which was ultimately ordered by the district court pursuant to an order from the United States Court of Appeals for the Ninth Circuit. See id. In rejecting the state's argument that McQuillion should have been placed on parole for a period of three years, the court of appeals noted, inter alia, that the three-year parole term that McQuillion would have served if he had been properly released in May 1994 had "long since expired." Id. The court also noted that there had "been no finding -- let alone a continuous series of findings -- of dangerousness in almost a quarter of a century." Id. at 1016.

"Federal courts have the latitude to resolve a habeas corpus petition 'as law and justice require.'" Pirtle v. California Board of Prison Terms, _ F.3d _, 2010 WL 2732888, slip op. at 8 (9th Cir. July 12, 2010). Consistent with the holding of McQuillion II, federal courts retain the authority to order the release of a habeas corpus petitioner challenging the unconstitutional denial of parole from all custody, including parole, in an appropriate case. After review of the record in this action, however, this court finds that petitioner has not shown that he is entitled to immediate release from all custody. As noted above, his request for relief in this action was for release on parole. Unlike McQuillion, petitioner did not request immediate release from all custody, nor did he request an order limiting his parole term to a period of three years from the time he would have been released on parole in 2006 had the Governor not reversed the Board's decision. Moreover, McQuillion had been deemed suitable for parole for almost fifteen years before his parole date was rescinded in violation of his right to due process, and nine additional years had passed between the unconstitutional rescission and the decision in McQuillion II. In contrast, the parole decision challenged in this action was made approximately four years ago.[1] Even assuming arguendo that petitioner's claim has merit, he has neither

---

[1] The record shows that the Board first found petitioner suitable for parole approximately seven years ago, a decision that was also reversed by the Governor. That decision is not before this court.

1  requested immediate release from all custody, nor demonstrated that such relief would be an
2  appropriate remedy in this action.
3        For the foregoing reasons, this court finds that petitioner has received the relief
4  that he requested by this action and no further relief is warranted.
5        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for
6  a writ of habeas corpus be dismissed.
7        These findings and recommendations are submitted to the United States District
8  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
9  days after being served with these findings and recommendations, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
12 objections shall be filed and served within fourteen days after service of the objections.  The
13 parties are advised that failure to file objections within the specified time may waive the right to
14 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
15 DATED: August 19, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
mart1786.157